8 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joel MUNOZ-PULIDO, Defendant-Appellant.
 No. 93-50128.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 7, 1993.
 
 Before: FLETCHER, POOLE and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joel Munoz-Pulido appeals his 21-month sentence imposed following his guilty plea to conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. §§ 841, 846. Munoz-Pulido contends the district court erred by granting him only a one-level reduction in his offense level pursuant to U.S.S.G. § 3B1.2 for being a minor participant in the offense. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 We review de novo a district court's construction and interpretation of the Guidelines section on a defendant's role in the offense, United States v. Zweber, 913 F.2d 705, 708 (9th Cir.1990), while reviewing for clear error the district court's factual determinations regarding whether a defendant is a minor participant, United States v. Lui, 941 F.2d 844, 848-49 (9th Cir.1991).
 
 
 4
 U.S.S.G. § 3B1.2 provides for a two to four level downward adjustment in the base offense level when a defendant's minor or minimal role in the offense renders him less culpable than most other participants. "[A]ny participant who is less culpable than most other participants, but whose role could not be described as minimal, may receive a two-level downward adjustment in his offense level for being a minor participant in the offense." U.S.S.G. § 3B1.3(b), comment. (n. 3). There is no provision for a one-level downward adjustment. U.S.S.G. § 3B1.4 ("In any other case, no adjustment is made for role in the offense.")
 
 
 5
 Here, Munoz-Pulido was arrested for transporting marijuana by car from San Diego to Riverside, California. The district court found that a two-level reduction for being a minor participant was inappropriate because Munoz-Pulido had invited a friend to accompany him on the drive, and therefore had recruited another person into the conspiracy. The court nevertheless found that Munoz-Pulido's role was "like a little minor player" and awarded him a one-level downward adjustment.
 
 
 6
 The government concedes that the district court erred by adjusting Munoz-Pulido's level by one point. We agree. See U.S.S.G. §§ 3B1.2(b), 3B1.4. Nevertheless, given the unavailability of a one-point adjustment, it is unclear from the record before us whether the district court would find Munoz-Pulido's eligible for the two levels pursuant to section 3B1.2 or whether it would entirely forego a reduction under this section. Accordingly, we vacate and remand to the district court for resentencing. See United States v. LaPierre, No. 92-10321, slip op. 8945, 8961 (9th Cir. Aug. 19, 1993) (remand appropriate where the basis of district court's denial of a 2-level reduction for acceptance of responsibility was ambiguous).
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3